## STATE OF OREGON,
*Respondent,*

*v.*

## BRUCE ALLEN BERGER,
*Appellant.*

(10-84-00790; CA A32802)

707 P2d 106

Ernest E. Estes, Deputy Public Defender, Salem, argued

the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals from a judgment convicting him of burglary in the first degree (Count I), robbery in the third degree (Count II) and attempted rape in the first degree (Count III). We affirm.

Defendant waived jury trial and was tried by the court on stipulated facts. The stipulation stated that defendant broke into the apartment of a 74-year-old woman at about 2 a.m. on January 19, 1984. She knew defendant, because he had managed her apartment several years earlier. Defendant told her that he was there to take her money and to rape her. When she said that she had no money, he grabbed, choked and slapped her, causing bruises. He found and took approximately $100 and, when he could find no more, took her to the bedroom, pulled up her nightgown and lay on top of her naked body with his pants down. He told her again that he was going to rape her, but he did not have an erection and did not penetrate her. He then dressed, tied the bedroom door shut with a cord and left the apartment.

The trial court's sentence contained a finding that "for the purpose of imposing sentence, * * * the crimes defendant has been convicted of in Counts II and III herein, merges [sic] with Count I of the Indictment * * *." Defendant argues that the trial court should not have "merged" the convictions for purposes of sentencing but should have "merged" the convictions themselves.

In State v. Wigget, 75 Or App 474, 707 P2d 101 (1985), we noted the differences between the standards for reviewing the validity of multiple convictions and of multiple sentences. A defendant may, under some circumstances, be separately convicted for crimes for which he could not be separately sentenced. We look primarily to the intent of the legislature in determining the propriety of multiple convictions, but, when the legislature's intent is unclear, the standard is whether "the completion of one offense necessarily includes commission of acts sufficient to constitute violation of another statute." State v. Cloutier, 286 Or 579, 586, 596 P2d 1278 (1979).

■■ Under that standard, it is clear that defendant could properly have been convicted of both attempted rape and either burglary or robbery. Attempted rape in the first degree,

ORS 161.405 and ORS 163.375, does not necessarily share any elements with either burglary in the first degree, ORS 164.225, or robbery in the third degree, ORS 164.395. Defendant's argument to the contrary is difficult to understand, but it focuses on the factual connections between the offenses as they were actually committed in this case. We agree that the standard set forth in *Cloutier* is not a simple question of whether, in the abstract, one could conceivably commit one offense without committing the other. The question is whether the defendant's completion of one offense, as it was alleged in the indictment, actually did include the commission of acts sufficient to constitute commission of another offense. That was not the case here. The indictment alleges that defendant committed first degree burglary by entering the victim's apartment "with the intent to commit the crimes of theft, criminal mischief, and sexual abuse therein * * *." Thus, the burglary offense was not wholly included within the crime of attempted rape, because the intended offenses underlying the burglary charge included theft and criminal mischief, both of which were wholly unrelated to attempted rape. Neither was the crime of attempted rape wholly included within the burglary charge, because defendant's entry of the victim's apartment with intent to commit *sexual abuse* did not irrevocably commit him to attempting a *rape.* Sexual abuse, ORS 163.415 and 163.425, involves only some sexual contact. Rape, ORS 163.355 to 163.375, requires sexual intercourse.

Furthermore, defendant's commission of burglary in the first degree did not necessarily include the commission of robbery in the third degree. Invasion of the apartment with intent to commit theft, criminal mischief and sexual abuse did not irrevocably commit him to threaten or use physical force on the victim to take her property. *See State v. Kyles,* 71 Or App 492, 692 P2d 706 (1984), *rev den* 298 OR 773 (1985).

Affirmed.